IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL SHIFLETT, | : | |
| Plaintiff, | : | |
| | : | No. 5:25-cv-00326-MTT-CHW |
| v. | : | |
| | : | |
| SGT COLBERT, *et al.*, | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendants. | : | |

### ORDER

*Pro se* Plaintiff Michael Shiflett, a prisoner previously incarcerated at Hancock State Prison in Sparta, Georgia, filed a complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. The Court granted Plaintiff's request to proceed IFP on August 4, 2025, and ordered that he pay a statutorily required partial initial filing fee of $24.03. ECF No. 4. That order was mailed to Plaintiff's attention at Hancock State Prison, which was his place of imprisonment at the time of filing his complaint, but the order was returned to the Court as undeliverable. ECF No. 8. A recent motion filed by Plaintiff indicates that Plaintiff was transferred from Hancock State Prison to Smith Transitional Center in Claxton, Georgia on August 28, 2025. *See* ECF No. 10. Accordingly, the Court's August 4, 2025 Order granting IFP has been forwarded by the clerk of court to Plaintiff at Smith Transitional Center and Plaintiff is **GRANTED** an extension of **FOURTEEN DAYS** from the date of this Order to pay the partial initial filing fee of $24.03.

Plaintiff's "Motion for Emergency Special Handling of Court Documents from Plaintiff's Designated Agent (Power of Attorney)"

Plaintiff has filed a "Motion for Emergency Special Handling of Court Documents from Plaintiff's Designated Agent (Power of Attorney)." ECF No. 9. Plaintiff requests that the Court order prison personnel to treat mail between Plaintiff and his "power of attorney," Melanie Turner, as "legal correspondence". *Id*. To this end, Plaintiff seeks an order that his mail to and from Ms. Turner be delivered "by the end of the next working day after receipt," that it be opened by prison personnel only in his presence, and that it not be read by prison personnel. *Id*.

"Individual parties in federal court generally 'may plead and conduct their own cases personally or by counsel.'" *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam) (quoting 28 U.S.C. § 1654). "The right to appear *pro se,* however, is limited to parties conducting their own cases, and does not extend to non-attorney parties representing the interests of others." *Id*. (internal quotation marks omitted); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court."); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that the personal right to proceed *pro se* established under § 1654 "does not extend to the representation of the interests of others."). This is true even when the non-lawyer holds a power of attorney for the person they are purporting to represent. *See Miller v. Byers*, 833 F. App'x 225, 226 n.1 (11th Cir. 2020) (per curiam) (concluding that a party could not be represented by his non-attorney father notwithstanding the father's claim that he held power of attorney).

2

Indeed, it is illegal under Georgia law for a non-attorney such as Ms. Turner to represent the interests of another individual in litigation. *See Weber v. Garcia*, 570 F.2d 511, 514 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law.");[1] O.C.G.A. § 15-19-51(a)(6) (stating that it is unlawful in Georgia for any person other than a licensed attorney to "render legal services of any kind in actions or proceedings of any nature.").

Ms. Turner, as a person unlicensed to practice law, cannot represent Plaintiff in this Court, nor can this Court recognize Ms. Turner as an attorney for Plaintiff such that her correspondence with him is classified as privileged attorney-client communications.[2] Accordingly, Plaintiff's "Motion for Emergency Special Handling of Court Documents from Plaintiff's Designated Agent (Power of Attorney)" (ECF No. 9) is **DENIED**.

Plaintiff's "Motion for Evidence Preservation" and "Motion for Issuance of Subpoenas"

Plaintiff has also filed a "Motion for Evidence Preservation" (ECF No. 6) and a "Motion for Issuance of Subpoenas" (ECF No. 7). The Prison Litigation Reform Act ("PLRA") directs the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding *in*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Plaintiff should note that even communications between a prisoner/litigant and a court are not confidential or privileged and therefore not protected by the First Amendment. *See Allen v. St. John*, 827 F. App'x 1002, 1005-06 (11th Cir. 2020) (affirming dismissal of prisoner's free speech claim because mail from the court was not the type of communication that is protected by the First Amendment).

*forma pauperis*. 28 U.S.C. § 1915(e). Both statutes apply in this case. As stated above, Plaintiff has yet to pay the court ordered partial initial filing fee as previously ordered on August 4, 2025. Thus, the Court has not yet conducted a preliminary screening under the PLRA of Plaintiff's complaint.

Nothing in the Federal Rules of Civil Procedure requires the Court to grant Plaintiff's request to preserve evidence, produce evidence, and to issue summons prior to the Court's determination that the Plaintiff has complied with the mandates of the PLRA and that his complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Schreane v. Middlebrooks*, 522 F. App'x 845, 848 (11th Cir. July 2, 2013). Therefore, Plaintiff's "Motion for Evidence Preservation" (ECF No. 6) and "Motion for Issuance of Subpoenas" (ECF No. 7) are premature at this stage in the litigation and are **DENIED** as such. If, after its PLRA review of this civil action, the Court determines that any of Plaintiff's claims will be permitted to proceed for service upon any Defendant, Plaintiff will then be provided guidance on commencing discovery under the Federal Rules of Civil Procedure.[3]

As set forth above, Plaintiff's "Motion for Emergency Special Handling of Court Documents from Plaintiff's Designated Agent (Power of Attorney)" (ECF No. 9) is

---

[3] The Georgia Department of Corrections does have procedural rules and policies that require them to preserve certain records and recordings when force has been used against an offender as alleged in this case. *See e.g.*, Georgia Department of Corrections website, https://gdc.georgia.gov/organization/about-gdc/agency-activity/policies-and-procedures/facilities-division-policies (last visited Sept. 29, 2025).

4

**DENIED**.  Plaintiff's "Motion for Evidence Preservation" (ECF No. 6) and a "Motion for Issuance of Subpoenas" (ECF No. 7) are **DENIED** as premature.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee of $24.03 to the Clerk of Court.  Plaintiff's failure to pay the initial partial filing fee will result in the dismissal of this action.

There shall be no service of process or discovery upon any Defendant until further order of the Court.  Plaintiff is required to notify the Court in writing of any change in his address.

**SO ORDERED**, this 1st day of October, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge