IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL SHIFLETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 5:25-cv-00326-MTT-CHW |
| v. | : | |
| | : | |
| SGT COLBERT, | : | |
| CERT SGT. MARLIN PAUL, | : | |
| CERT SGT. ARNOLD, | : | |
| CHIEF COUNSELOR JACKSON,[1] | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Michael Shiflett, a prisoner at Smith Transitional Center in Claxton, Georgia filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff also requested leave to proceed *in forma pauperis* (ECF No. 2) which was granted with the provision that Plaintiff pay a statutorily required partial initial filing fee (ECF No. 4). Plaintiff has paid that fee. Plaintiff was also ordered to recast his complaint. ECF No. 15. Plaintiff has now filed his recast complaint. ECF No. 17. This civil action is ripe for preliminary review. Upon such review, Plaintiff may proceed with his Eighth Amendment claim

---

[1] Plaintiff was informed that his recast complaint would take the place of his previous complaints filed in this civil action. ECF No. 15 at 7-8. Thus, Plaintiff's recast complaint (ECF No. 17) is now the operative complaint in this civil action. *See Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"). In his recast complaint, Plaintiff has added Chief Counselor Jackson as a Defendant. ECF No. 17 at 1. The Clerk of Court is thus **DIRECTED** to add Chief Counselor Jackson as a Defendant.

against Defendants Colbert, Paul and Arnold for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendant Jackson be **DISMISSED** without prejudice.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I. <u>Standard of Review</u>

The Prison Litigation Reform Act directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300,

1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.     Plaintiff's Allegations

Plaintiff's claims arise from his previous incarceration at Dooley State Prison in Unadilla, Georgia. ECF No. 17 at 5. Plaintiff states that after he reported a sexual assault, a "mental health doctor wrote an order for me to be put in a cell in the segregation unit in a cell by myself." *Id*. Plaintiff states that while in segregation on August 10, 2023, he witnessed Defendants Paul, Colbert, and Arnold "assault a Hispanic inmate with a chemical agent." *Id*. Plaintiff got upset and told Defendants "what they were doing was illegal." *Id*. Plaintiff states that the Defendants then approached his cell telling him that since he "had a problem with what they were doing they were going to put some one in [his] cell with [him]." *Id*. Plaintiff explained he was under a mental health order to have no cellmates. Defendant Paul responded that he did not care about Plaintiff's mental health and told Plaintiff "your gonna fight today white boy." *Id*. at 6. Plaintiff claims that Defendants Paul, Colbert, and Arnold then placed another inmate in his cell who was "known for beating up his roommates," and that inmate punched him as soon as the Defendants released his handcuffs. *Id*. Defendants watched Plaintiff and the inmate fight for an undisclosed amount of time, then stopped the fight and removed the other inmate from the cell. *Id*. Plaintiff states the Defendants then searched his cell and found a broken broom stick under his mattress. *Id*. Plaintiff claims that Defendant Paul confronted him while "Arnold and Colbert had [him] standing against the wall" and that Defendant Paul struck Plaintiff in the nose. *Id*. at 6-7. Plaintiff claims that after he doubled over from the nose strike, "all three defendants began punching me, I dropped to

4

the ground and they began kicking and stomping me, one kick caught me in the side of my face and my head hit the wall and I was knocked out." *Id*. at 7. Plaintiff states that after being knocked out, "I woke up and I was being kicked in my chest." *Id*. After Defendants ceased assaulting Plaintiff and as they were closing his cell door, Plaintiff threw a cup of disinfectant. *Id*. Plaintiff claims that Defendants Colbert and Paul then emptied cans of pepper spray into his cell through the tray flap. *Id*. Plaintiff states that he could not breathe and tried to get air from under the cell door. *Id*. Plaintiff claims that Defendant Paul then shoved a mattress in front of door "causing a suffocating environment." *Id*. Plaintiff states that as a result of the assault he had black eyes, a bleeding lip, injured shoulder, fractured ribs, and blood in his urine and stool. *Id*. at 9.

Plaintiff seeks damages "for the abuse and trauma from the beating and assault with the chemical agent." *Id*. at 11. Plaintiff also seeks criminal prosecution of the Defendants[2] and asks that Defendants be terminated from employment.[3] *Id*.

---

[2] The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). Plaintiff, a private citizen, likewise has no power to originate criminal pleadings on his own initiative. *Id*.

[3] The United States District Courts have no authority under § 1983 to order the termination of employment of any prison officer or other state employee. *See e.g.*, *Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978); *Bush v. Camp*, 1:11–CV–64, 2011 WL 2457909 at * 2 n.1 (M.D.Ga. May 23, 2011); *Meachum v. Fano*, 427 U.S. 215, 229 (1976) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States."); *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted) ("a federal court must not unnecessarily involve itself in matters of prison administration.").

III. <u>Plaintiff's Claims</u>

A. *Defendants Colbert, Paul, and Arnold*

Claims of excessive force in the context of those incarcerated following conviction are governed by the Eighth Amendment's "cruel and unusual punishment" standard. *Whitley v. Albers*, 475 U.S. 312, 317-21 (1986). Eighth Amendment excessive force claims have both an objective and subjective component, and the plaintiff has the burden of establishing both. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To satisfy the subjective prong, the plaintiff must demonstrate that the defendant acted with a malicious and sadistic purpose to inflict harm. *Id*. at 6. To satisfy the objective prong, the plaintiff must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id*. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)).

The key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7). When the use of force is malicious or sadistic, "contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id*. (ellipses in original) (quoting *Hudson*, 503 U.S. at 9). "In determining whether the force was applied maliciously and sadistically to cause harm, courts consider: 'a) the need for the application of force; b) the relationship between the need and the amount of force that was used; c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response.'" *Bowden v. Stokely*, 576 F. App'x

6

951, 953 (11th Cir. 2014) (per curiam) (quoting *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff complains that although he was compliant with officers' orders, Defendants Colbert, Paul, and Arnold repeatedly punched and kicked him, to the point that Plaintiff lost consciousness and suffered fractured ribs, black eyes, a bleeding lip, injured shoulder, and blood in his urine and stool. ECF No. 17 at 6-9. Plaintiff further complains that after he was beaten by Defendants Colbert, Paul, and Arnold, Defndants emptied two cans of a chemical agent into his cell through the tray flap of his closed cell door and cut off his supply to clean air by shoving a mattress against the outside of his door. *Id*. at 7. After liberally construing Plaintiff's complaint and reading all allegations in his favor, Plaintiff's Eighth Amendment claim against Defendants Colbert, Paul, and Arnold for use of excessive force can proceed for further factual development.

B. *Defendant Officer Chief Counselor Jackson*

It is unclear why Plaintiff has named Chief Counselor Jackson as a Defendant. Plaintiff does not provide any allegations or present any claims specifically regarding this Defendant. *See* ECF No. 1. A district court properly dismisses a complaint when the plaintiff, other than naming a defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts

7

of the defendant caused a legal wrong. Because Plaintiff has failed to put forth any allegations as to Defendant Jackson, it is **RECOMMENDED** that Plaintiff's claims against Defendant Jackson be **DISMISSED without prejudice** for failure to state a claim.

IV.     Conclusion

Based on the foregoing, Plaintiff may proceed with his Eighth Amendment claim of excessive force against Defendants Colbert, Paul, and Arnold for further factual development. It is **RECOMMENDED** that Plaintiff's claims against Defendant Jackson be **DISMISSED** without prejudice for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendants CERT Sgt. Marlin Paul, and CERT Sgt. Arnold of Dooley State Prison,

as well as Defendant Sgt. Colbert who now works at Georgia Diagnostic and Classifications Prison in Jackson, Georgia, it is accordingly **ORDERED** that service be made on the Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendants comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff

11

Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 5th day of December, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge